IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs October 27, 2015

**COURTNEY R. LOGAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 4893      Seth W. Norman, Judge**

_____

**No. M2015-00725-CCA-R3-HC – Filed 23, 2016**

_____

The petitioner, Courtney R. Logan, filed a petition for the writ of habeas corpus
challenging the legality of his extradition from Tennessee to Mississippi nearly four years
after the extradition.  The trial court summarily dismissed the petition, and the petitioner
now appeals.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W.
WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Courtney R. Logan, Woodville, Mississippi, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and John H. Bledsoe, Assistant
Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

The petitioner was convicted of attempted first degree premeditated murder and
employment of a firearm during the flight or escape from the attempt to commit a
dangerous felony for his role in the shooting of Sergeant Mark Chestnut.  _State v._

*Cortney*[1] *R. Logan*, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at *1 (Tenn. Crim. App. Oct. 8, 2015). The petitioner helped his co-defendant, Joseph Leon Jackson, Jr., escape from a Mississippi jail, and the two fled to Tennessee. *Id.* at *4. Sergeant Chestnut initiated a traffic stop of the vehicle, and he was subsequently shot by Mr. Jackson. *Id.* at *1-2. This court affirmed the convictions on direct appeal. *Id.* at *1.

After the petitioner was sentenced, he was transported to Mississippi by an executive order of extradition to face charges of one count of aiding escape, one count of possession of a firearm by a convicted felon, and five counts of kidnapping for his role in helping Mr. Jackson escape from custody. He was convicted of all charges and sentenced as a habitual criminal offender to serve seven consecutive sentences of life without the possibility of parole. The Mississippi Court of Appeals affirmed his convictions and sentences. *Courtney R. Logan v. State*, No. 2012-KA-01963-COA, 2015 WL 4927676, at *1 (Miss. Ct. App. Aug. 18, 2015).

On March 2, 2015, the petitioner filed a "Request for Pre-Habeas Corpus Challenge" in both the Circuit and Criminal Courts of Davidson County. The petitioner contended that he had not been given an opportunity to contest his extradition to Mississippi. The Criminal Court treated the filing as a petition for the writ of habeas corpus and issued a written order summarily dismissing the petition on March 11, 2015. The court found that the extradition documents were valid, that the petitioner was charged with offenses in Mississippi, and that the petitioner was the individual wanted in Mississippi and therefore was a fugitive from justice. The court found that because the petitioner had not established that the extradition documents were facially invalid, he was not entitled to habeas corpus relief regarding his extradition.

The petitioner's motion filed in the Circuit Court of Davidson County was transferred to the Criminal Court on March 17, 2015. On March 23, 2015, the Criminal Court judge entered an order summarily dismissing the motion for the same reasons enumerated in the March 11, 2015 order. On March 23, 2015, the petitioner filed a motion to reconsider the March 11, 2015 order. On April 8, 2015, the petitioner filed a timely notice of appeal while his motion to reconsider was still pending. The trial court issued an order denying this motion on April 10, 2015. At the time of this order, however, the trial court did not have jurisdiction to deny the motion to reconsider. The jurisdiction of this court attaches upon the filing of a notice of appeal, absent the filing of a motion specified in Tennessee Rule of Appellate Procedure 4(c). *State v. Pendergass*, 937 S.W.2d 834, 837 (Tenn. 1996). A motion to reconsider is not one of the motions

---

[1] The petitioner's various legal proceedings contain several different spellings of his first name. The petitioner spelled his name "Courtney" in the filings related to this appeal, and we utilize that spelling in the opinion.

2

enumerated in Tennessee Rule of Appellate Procedure 4(c), and the trial court lost jurisdiction over the petitioner's case when he filed his timely notice of appeal. As a result, our analysis will focus only on the denial of the petitioner's petition for the writ of habeas corpus.

## ANALYSIS

The petitioner contends that the trial court abused its discretion in dismissing his "pre-habeas corpus challenge of extradition." He contends that the dismissal prevented him "from presenting rebuttal evidence as to his alleged fugitive status" and from "challenging the probable cause relied upon by appelle[e]."

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). Habeas corpus relief is appropriate "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* at 164 (citation omitted). This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

The Extradition Clause of the United States provides:

> A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2.

This clause has been implemented by both federal law and the Uniform Criminal Extradition Act. *Johns v. Bowlen*, 942 S.W.2d 544, 547 (Tenn. Crim. App. 1996). Tennessee has adopted the Uniform Criminal Extradition Act to regulate the interstate extradition of criminal defendants. T.C.A. § 40-9-101 to -130 (2010). Before a prisoner may be handed over to a demanding state, the prisoner must be informed that he or she is wanted by the demanding state, informed of the crime with which he or she is charged, and informed that he or she has a right to counsel. T.C.A. § 40-9-119. If the prisoner wishes to contest the legality of the arrest, he or she must be taken before a judge, "who shall fix a reasonable time to be allowed the prisoner within which to apply for a writ of habeas corpus." *Id.* After a hearing on the petition, the habeas corpus court must either

3

deny the petition and remand the prisoner to the custody of the demanding state or grant the petition and order the release of the prisoner from custody. *See* T.C.A. § 29-21-122.

Review of a pretrial petition for habeas corpus is limited. A petitioner may not raise issues in the petition predicated upon alleged constitutional violations committed by the asylum state. *State ex rel. Sneed v. Long*, 871 S.W.2d 148, 151 (Tenn. 1994). The trial court:

> can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a 'fugitive.'

*Michigan v. Doran*, 439 U.S. 282, 289 (1978); *see State ex rel. Sneed*, 871 S.W.2d at 150-51.

"A person who commits a crime in one state, leaves, and is found in another state is a 'fugitive from justice.'" *Elliott v. Johnson*, 816 S.W.2d 332, 335 (Tenn. Crim. App. 1991) (quoting *Appleyard v. Massachusetts*, 203 U.S. 222, 27 S.Ct. 122, 51 L.Ed. 161 (1906)). Once the petitioner has been returned to the demanding state, any appeal is "moot." *Percy Cooksey v. State*, No. 02C01-9507-CR-00186, 1996 WL 39361, at *1-2 (Tenn. Crim. App. Jan. 31, 1996).

The petitioner contests the dismissal of his petition because he did not receive a chance to present "rebuttal evidence as to his alleged fugitive status." We note that the petitioner was ultimately convicted and received seven life sentences based on his actions in Mississippi that occurred on the same day that he was apprehended in Tennessee. The petitioner also filed his petition long after he was extradited to Mississippi and tried and convicted of the crimes for which he was extradited. At the time of the filing, the petitioner was no longer in the custody of the State of Tennessee, and there was no available relief for the trial court to provide to the petitioner, even if it was shown that his extradition was improper. Thus, it appears that the petitioner's appeal is moot. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. 1994) ("A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party."); *see also Percy Cooksey*, 1996 WL 39361, at *1-2 (concluding that issues raised on appeal challenging the denial of the writ of habeas corpus were moot when the petitioner was extradited to the demanding state while the appeal was pending). We conclude that the trial court did not err in denying the petition for writ of habeas corpus, and the petitioner is not entitled to any relief.

4

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE